IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00554-PAB-GPG

LILLIAN L. DAHLIN, an individual,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

## ORDER

This matter is before the Court on defendant's Objections to Magistrate Judge Gallagher's Recommendation as to Plaintiff's Partially Unopposed Motion for Leave to Conduct Discovery Directed Towards Wells Fargo Bank, N.A. [Docket No. 61]. On August 29, 2018, Magistrate Judge Gordon P. Gallagher issued an order granting Plaintiff's Partially Unopposed Motion for Leave to Conduct Discovery Directed Towards Wells Fargo Bank, N.A. [Docket No. 41]. Docket No. 58. Defendant filed an objection to the order on September 12, 2018, Docket No. 61, to which plaintiff responded on October 10, 2018. Docket No. 67.[1]

Defendant's objection pertains to a non-dispositive discovery matter. When reviewing a party's objection to a magistrate judge's order on a non-dispositive matter, the Court "must consider timely objections and modify or set aside any part of the order

---

[1] The parties filed a stipulated motion seeking a two-week extension of time for plaintiff to respond to defendant's objection to the magistrate judge's discovery ruling. *See* Docket No. 65. The Court hereby grants the stipulated motion, Docket No. 65, and accepts plaintiff's response as filed on October 10, 2018.

that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). The clearly erroneous standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 365, 395 (1948)).

Plaintiff's discovery motion sought leave to serve/conduct three interrogatories, six requests for production, five requests for admissions, and five depositions in connection with plaintiff's § 510 ERISA claim against defendant Wells Fargo Bank, N.A. *See* Docket No. 41 at 6-8, ¶¶ 20-21; Docket No. 41-2 (plaintiff's proposed discovery requests). Most of the requested discovery was unopposed by defendant, with the exception of Request for Admission No. 5 and the depositions. *See* Docket No. 53 at 2 (noting that "the only remaining issues [were] Request for Admission No. 5 and Plaintiff's requests for depositions"). As to these two contested categories, the magistrate judge granted plaintiff's motion, finding (1) that Request for Admission No. 5 was "in line" with plaintiff's theory that she was required to meet unrealistic sales goals, and (2) that the information sought to be obtained through the depositions was both relevant and proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). *See* Docket No. 58 at 3-5.

Defendant objects to both of these findings. Regarding the magistrate judge's ruling on Request for Admission No. 5,[2] defendant contends that "[t]he fact that Wells

---

[2]Request for Admission No. 5 states: "Admit that Wells Fargo was fined a total of $185 million after California and federal regulators determined that Wells Fargo's

2

Fargo was fined in California" for the opening of unauthorized accounts has no bearing on whether plaintiff was terminated for poor performance in Colorado given that "neither party has alleged a single thing about the opening of unauthorized accounts." Docket No. 61 at 3. Plaintiff responds that the requested information is relevant to her theory that "Wells Fargo knowingly and intentionally maintained unrealistic sales goals in order to reduce the number of business bankers in [various regions in Colorado] by attrition." Docket No. 67 at 2. The Court agrees with plaintiff. Assuming that defendant maintained unrealistic sales goals in Colorado and California for the same purpose – i.e., to reduce the number of business bankers by attrition – Request for Admission No. 5 is designed to uncover circumstantial evidence showing defendant's intent to interfere with plaintiff's entitlement to ERISA benefits.[3]

The magistrate judge also did not clearly err in granting plaintiff leave to conduct depositions. Defendant asserts that deposition testimony about Wells Fargo's performance goals is not relevant to plaintiff's § 510 claim because she denies that she failed to meet performance goals. Docket No. 61 at 4. The Court agrees that plaintiff has taken somewhat inconsistent positions regarding her ability to meet defendant's sales goals. *Compare* Docket No. 31 at 3-4, ¶¶ 19-22 (suggesting that plaintiff was

---

employees opened unauthorized accounts for customers in order to meet aggressive sales goals." Docket No. 41-2 at 6.

[3]The parties have not presented the Court with any information concerning the reason for Wells Fargo's aggressive sales goals in California. Accordingly, the Court cannot conclude that the information sought by Request for Admission No. 5 is irrelevant to plaintiff's § 510 claim. *See Strating v. Abound Solar, Inc.*, No. 10-cv-02344-LTB-MEH, 2012 WL 882407, at *3 (D. Colo. Mar. 15, 2012) (noting that "a request for discovery should be considered relevant if it is possible that the information sought may be relevant to the claim or defense of any party").

3

terminated after failing to meet defendant's unrealistic sales goals), *and* Docket No. 67 at 7 (stating that "one of the main circumstances that . . . contributed to Wells Fargo's efforts to interfere with [plaintiff's] rights . . . [was] the imposition of unrealistic and overly high sales goals"), *with* Docket No. 45 at 8 ("[N]owhere has [plaintiff] conceded that she failed to meet sales goals."). However, plaintiff's unwillingness to concede that she failed to meet sales goals does not render the magistrate judge's characterization of her theory – that she was "a victim of essentially a corporate recognition of the unrealistic nature of its performance goals which [would] lead to her discharge in a manner which would save the company money," Docket No. 58 at 4 – clearly erroneous.[4] Because the requested deposition testimony would be relevant to plaintiff's § 510 claim as characterized by the magistrate judge, the magistrate judge did not clearly err in granting plaintiff leave to conduct the depositions.[5]

Defendant argues that testimony related to defendant's alleged decision to reduce the number of business bankers in the Resort and Western Colorado markets is

---

[4]It is difficult to understand why plaintiff would plead facts concerning the unrealistic nature of defendant's sales goals if her failure to meet those sales goals was not the stated reason for her termination. Instead, plaintiff appears to be drawing a distinction between poor performance and an inability to meet sales goals. As the Court reads her filings, plaintiff is asserting that her failure to meet defendant's sales goals did not support her termination for "poor performance" because the sales goals were unrealistic. *See* Docket No. 45 at 8 ("Nowhere in the First Amended Complaint does Dahlin concede that she failed to meet sales goals *sufficient* for Wells Fargo to terminate her position based on 'poor performance.'" (emphasis added)).

[5]Defendant argues in the alternative that, even if plaintiff's "theory was that the reason her performance was poor was her goals were unrealistic . . . , it would not change the fact that she in fact did not meet the goals and that she is, therefore, not entitled to benefits under the severance plan." Docket No. 61 at 5 (emphasis omitted). Because this argument goes to the legal sufficiency of plaintiff's claim, it is not a subject that can properly be addressed in the context of defendant's discovery objection.

unnecessary in light of information that defendant has already disclosed.  Docket No. 61 at 5-6.  Specifically, defendant contends that its written responses to plaintiff's Requests for Production Nos. 1-3 confirm that "there was no overall decision to reduce the number of Business Bankers in the Western Colorado or Resort Markets between 2014-2017."  *Id.* at 6.

Defendant's argument calls for a factual determination that would be improper at this stage of the proceedings.  While defendant maintains in its discovery responses that "there was no formal decision to reduce the number of Business Bankers in the Resort Market between 2014-2017," Docket No. 61-1 at 5, plaintiff is entitled to use other discovery mechanisms to obtain information that may contradict this assertion.  As the magistrate judge noted, "it is the compare and contrast function of discovery that often is most revealing."  Docket No. 58 at 4-5.  Moreover, to the extent defendant is asserting that the depositions would be duplicative of discovery already obtained by plaintiff, defendant has not shown that the magistrate judge clearly erred in reaching a different conclusion.  *See id.* at 5 (finding that "[t]he fact that Plaintiff's requests for production have some overlap with the questions Plaintiff wants to ask the proposed deponents, does not by itself cause a proportionality issue"); *see also Hancock v. Aetna Life Ins.* Co., 321 F.R.D. 383, 394-95 (W.D. Wash. 2017) (allowing deposition where, "[a]lthough Defendants answered interrogatories and produced documents related to Dr. Giske's review, . . . Defendants [had] not adequately demonstrated that Dr. Giske ha[d] nothing further to testify to related to the claim for breach of fiduciary duty" (internal quotation marks omitted)); *Gonzales v. City of Albuquerque*, 2010 WL 553308, at *8 (D.N.M. Feb. 9, 2010) ("The methods of discovery are complementary, rather than

5

alternative or exclusive, may be used singly or in conjunction with each other, and may be used in any sequence.").

For the foregoing reasons, defendant has failed to establish that the magistrate judge's order granting plaintiff's discovery requests was clearly erroneous or contrary to law. It is therefore

**ORDERED** that the parties' Stipulation for Extension of Time for Plaintiff to Respond to Defendants' Objections to Magistrate Judge Gallagher's Recommendation as to Plaintiff's Partially Unopposed Motions for Leave to Conduct Discovery [Docket No. 65] is **GRANTED**. It is further

**ORDERED** that defendant's Objections to Magistrate Judge Gallagher's Recommendation as to Plaintiff's Partially Unopposed Motion for Leave to Conduct Discovery Directed Towards Wells Fargo Bank, N.A. [Docket No. 61] is **OVERRULED**.

DATED August 12, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge